94 A.3d 364

COMMONWEALTH of Pennsylvania

v.

TAP PHARMACEUTICAL PRODUCTS, INC.; Abbott Laboratories; AstraZeneca PLC; AstraZeneca, Holdings, Inc.; AstraZeneca Pharmaceuticals LP; AstraZeneca LP; Bayer AG; Bayer Corporation; Smithkline Beecham Corporation d/b/a GlaxoSmithKline; Pfizer, Inc.; Pharmacia Corporation; Johnson & Johnson; Alza Corporation; Centrocor, Inc.; Ethicon, Inc.; Janssen Pharmaceutical Products, L.P.; McNeil–PPC, Inc.; Ortho Biotech, Inc.; Ortho Biotech Products; L.P.; Ortho–McNeil Pharmaceutical, Inc.; Amgen Inc.; Immunex Corporation; Bristol–Myers Squibb Company; Baxter International Inc.; Baxter Healthcare Corporation; Immuno–U.S., Inc.; Aventis Pharmaceuticals, Inc.; Aventis Behring, L.L.C.; Hoechst Marion Roussel, Inc., Boehringer Ingelheim

Corporation; Boehringer Ingelheim Pharmaceuticals, Inc.; Ben Venue Laboratories; Bedford Laboratories; Roxane Laboratories; Schering–Plough Corporation; Warrick Pharmaceuticals Corporation; Schering Sales Corporation; Dey, Inc. Donna A. Boswell, Esq., Ann M. Vickery, Esq., And Joseph A. Young, Esq., Intervenors.

Appeal of Johnson & Johnson, Alza Corporation, Centocor, Inc., Ethicon, Inc., Janssen Pharmaceutical Products, L.P., McNeil–PPC, Inc., Ortho Biotech, Inc., Ortho Biotech Products, L.P., And Ortho–McNeil Pharmaceutical, Inc. (Collectively, The "Johnson & Johnson Defendants").

Supreme Court of Pennsylvania.

Argued May 7, 2013.

Submitted April 25, 2014.

Decided June 16, 2014.

Peter F. Vaira, Esq., Vaira & Riley, P.C., Philadelphia, for Joseph A. Young.

William F. Cavanaugh Jr., Esq., Peter C. Harvey, Esq., Patterson Belknap Webb & Tyler, Walter W. Cohen, Esq., Kevin Joseph Kehner, Esq., Obermayer Rebmann Maxwell & Hippel, L.L.P., Harrisburg, Jonathan H. Hatch, Esq., Adeel A. Mangi, Esq., H. David Seidman, Esq., Philadelphia, for Johnson & Johnson.

Brian P. Kavanaugh, Esq., Jane S. Park, Esq., Helen E. Witt, Esq., Kirkland & Ellis, LLP, Alan Klein, Esq., Duane Morris, L.L.P., Philadelphia, Ceylan A. Ayasli, Esq., Lauren O. Casazza, Esq., Anne M. Sidrys, Esq., for Boehringer Ingelheim Corporation.

Frank Richard Emmerich Jr., Esq., James J. Rohn, Esq., Conrad O'Brien PC, Philadelphia, Steven Barley, Esq., Kelleen McGinis Scott, Esq., Jennifer A. Walker, Esq., Joseph H. Young, Esq., Amgen, Inc.

Megan L. Traversari, Esq., Morgan Lewis & Bockius, L.L.P., Philadelphia, Dana Elizabeth Becker, Esq., Philadelphia, for Pfizer, Inc. and Pharmacia Corporation.

Norman Wesley Marden, Esq., Joseph Stephen Betsko, Esq., James A. Donahue, Esq., Kathleen Granahan Kane, Esq., PA Office of Attorney General, Barry R. Eichen, Esq., William O. Crutchlow, Esq., Eichen Crutchlow & McElroy, John M. Elliott, Esq., Dean Richard Phillips, Esq., Elliott Greenleaf & Siedzikowski, P.C., Blue Bell, Donald E. Haviland Jr., Esq., Christina Marie Philipp, Esq., Haviland Hughes, LLC, Philadelphia, Judith Pinsof Meyer, Esq., J.P. Meyer Associates, William H. Platt II, Esq., The Platt Law Firm, for Commonwealth of Pennsylvania.

Frederick Edward Blakelock, Esq., Gibbons P.C., Philadelphia, Eric Wilson Sitarchuk, Esq., Ballard Spahr Andrews & Ingersoll, L.L.P., Philadelphia, for Immunex Corporation.

John W. Boyle, Esq., Matthew Renwick Divelbiss, Esq., John Daniel Goetz, Esq., Jones Day, Pittsburgh, Alexandra Makosky, Esq., Pepper Hamilton, L.L.P., Carlisle, Joseph Uhl Metz, Esq., Dilworth Paxson, L.L.P., Harrisburg, for TAP Pharmaceutical Products, Inc.

Lisa Ann Matthewson, Esq., Amy Beth Carver, Esq., Philadelphia, Welsh & Recker, P.C., for Bayer Corporation.

Scott Andrew Coffina, Esq., Montgomery, McCracken, Walker & Rhoads, L.L.P., Philadelphia, for Schering–Plough Corporation.

Joseph Gerard DeRespino, Esq., DeRespino & Dougher, P.C., Philadelphia, for Baxter International Inc.

John Charles Dodds, Esq., Maire Ellen Donovan, Esq., Abby Jane Elgart, Esq., Barry L. McCoy, Esq., Erica June Smith–Klocek, Esq., Morgan Lewis & Bockius, L.L.P., Philadelphia, for Pfizer, Inc.

Jennings Fuqua Durand, Esq., Robert C. Heim, Esq., William T. McEnroe, Esq., Dechert LLP, Philadelphia, Stephen Allen Loney Jr., Esq., Hogan & Hartson, LLP, Philadelphia, C. Michael Moore, Esq., Sonnenschein Nath & Rosenthal

LLP, Jack Mentzer Stover, Esq., Jayson R. Wolfgang, Esq., Buchanan Ingersoll & Rooney PC, Harrisburg, Steven M. Edwards, Esq., David Newmann, Esq., Philadelphia, Lyndon M. Tretter, Esq., James S. Zucker, Esq., for Bristol–Myers Squibb Company.

Brian T. Feeney, Esq., Greenberg Traurig, LLP, Philadelphia, Bryan Lynn Norton, Esq., Lydecker, Lee, Behar, Berga & deZayas, Brett A. Schlossberg, Esq., Fox Rothschild, L.L.P., for Aventis Pharmaceuticals, Inc.

John G. Harkins Jr., Esq., Harkins Cunningham, LLP, Philadelphia, for AstraZeneca Pharmaceuticals LP.

Michael Brian Hayes, Esq., Montgomery, McCracken, Walker & Rhoads, L.L.P., Philadelphia, for Schering–Plough Corporation, Schering Sales Corporation and Warrick Pharmaceuticals Corporation.

Susannah R. Henderson, Esq., Morgan Lewis & Bockius, L.L.P., for Pharmacia Corporation.

Bridget Elizabeth Montgomery, Esq., Eckert Seamans Cherin & Mellott, LLC, Harrisburg, for Bayer AG.

Lathrop Barrere Nelson III, Esq., Richard L. Scheff, Esq., Montgomery, McCracken, Walker & Rhoads, L.L.P., Philadelphia, for Schering–Plough Corporation and Merck & Co.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, STEVENS, JJ.

## ORDER

PER CURIAM.

**AND NOW,** this 16th day of June, 2014, the Order of the Commonwealth Court is VACATED, and the matter is remanded per the terms of Mr. Justice Baer's responsive opin-

ion in *Commonwealth v. TAP Pharm. Prods., Inc.,* J–52B–2014, 626 Pa. 1, 94 A.3d 350, 2014 WL 2723008 (2014).[1]

Justice STEVENS did not participate in the consideration or decision of this case.

Justice BAER files a concurring statement in which Justices TODD and McCAFFERY join.

Justice BAER, concurring.

I concur in the Court's order vacating the Commonwealth Court's order and remanding for the reasons set forth in my concurring opinion in *Commonwealth v. TAP Pharm. Prods. Inc.,* 626 Pa. 1, 94 A.3d 350, 2014 WL 2723008 (Pa.2014) (Baer, J. concurring)(indicating my view that a remand is warranted for further consideration of the case in light of the OAJC's analysis of the rebate issue).

Justices TODD and McCAFFERY join this concurring statement.

[1]. The vacation here, as in the noted case involving a different pharmaceutical company, rests on the Commonwealth's failure, by any measure, to offer a rational accounting for the billion dollars in rebate monies which Commonwealth agencies received from drug manufacturers which it haled into court. In the present case, we recognize that the testimony of the Commonwealth's damages expert, Frederick R. Warren–Boulton, PhD, was more extensive than it was in the earlier case as it concerned the rebate question. Nevertheless, such testimony was based upon an "overhead shifting" theory which the economist conceded could not be proved and was only theoretical. *See* N.T., November 3, 2010, at 2430–31. The Commonwealth obviously could not satisfy its burden of proof via theories unsupported by evidence. *Cf. Lower Makefield Twp. v. Lands of Dalgewicz,* 620 Pa. 312, 67 A.3d 772, 776 n. 5 (2013) (explaining that an expert's conclusions must be grounded upon salient record-based facts). Outside the unproven "overhead shifted" theory, Mr. Warren–Boulton conceded as follows in an interchange with counsel:

Q. [W]ould you agree that these rebates lower the net cost of each drug that is dispensed and reimbursed by DPW and PACE?
A. Holding constant other payments by DPW and PACE, of course, yes....
N.T., November 3, 2010, at 2435.